UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS OUDEKERK,

                Plaintiff,

      -v-                                              9:24-CV-113 (AJB/MJK)

WANNINGER *et al.*,

                Defendants.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

NICHOLAS OUDEKERK
Plaintiff, Pro Se
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, NY 12845

HON. LETITIA JAMES                           ALEXANDRA L. GALUS, ESQ.
New York State Attorney General           Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On January 23, 2024, *pro se* plaintiff Nicholas Oudekerk ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that five John Doe correction officers violated his constitutional rights on October 30, 2022, while he was being held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 4, 5.

The matter was initially assigned to U.S. District Judge David N. Hurd, who granted the IFP Application and concluded that plaintiff's § 1983 Eighth Amendment excessive force claims survived initial review against the five Doe correction officers. Dkt. No. 7. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), Judge Hurd requested assistance from the New York State Attorney General's Office in ascertaining the identities of the Doe defendants who were involved in the use-of-force incident with plaintiff on October 30, 2022. Dkt. No. 7.

Thereafter, the Attorney General filed a response, Dkt. No. 9, and plaintiff submitted an amended complaint that identified four of the five Does: (1) Correction Officer Wanninger; (2) Correction Officer Pekala; (3) Correction Sergeant Congleton; and (4) Deputy Superintendent Burns. Dkt. No. 11.

Judge Hurd reviewed plaintiff's amended complaint, concluded that the § 1983 Eighth Amendment excessive force claims survived initial review against defendants Wanninger and Pekala, ordered service on those defendants, and dismissed the remaining claims. Dkt. No. 12.

After defendants Wanninger and Pekala answered the amended complaint, Dkt. No. 22, and the matter was reassigned to this Court, Dkt. No. 37, plaintiff moved to compel discovery, Dkt. No. 42, and for summary judgment, Dkt. No. 46. Defendants opposed, Dkt. Nos. 44, 59, and plaintiff replied, Dkt. No. 59, 63.

On October 31, 2025, U.S. Magistrate Judge Mitchell J. Katz granted in part and denied in part plaintiff's motion to compel. Dkt. No. 66. At that time, Judge Katz advised by Report & Recommendation ("R&R") that plaintiff's motion for summary judgment should be denied based on the existence of issues of fact. *See id*.

- 3 -

Neither party has lodged objections.  The time period in which to do so has expired.  *See* Dkt. No. 66.  Upon review for clear error, the R&R will be accepted and adopted.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 66) is ACCEPTED; and

2. Plaintiff's motion for summary judgment (Dkt. No. 46) is DENIED.

The Clerk of the Court is directed to terminate the pending motions.

**IT IS SO ORDERED.**

Dated:  November 25, 2025
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge